IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| MYKAH WARD and MEOSHA TURNER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LAKEWOOD, ANTHONY BUCAT, ERIC BELL, NICK McCLELLAND, members of the Lakewood Police Department; and DOES 1 through 50,<br><br>Defendants. | ) | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Civil Rights, Jury Trial Demanded) |

COMES NOW Plaintiffs Mykah Ward and Meosha Turner, by and through their undersigned attorney, and for causes of action against the above-named Defendants, allege and aver as follows:

## INTRODUCTION

1. This is an action for damages sustained by two citizens of Lakewood, Washington against the City of Lakewood and members of the Lakewood Police Department for causing plaintiffs to suffer deprivation of their civil and constitutional rights, physical injury, and mental and emotional distress.

2.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## JURISDICTION

3. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(a)(1),(2), (3), and (4); the provisions of 42 U.S.C. §§ 1983 and 1988; and the Constitution of the United States, specifically the First, Fourth and Fourteenth Amendments thereto.

4. This Court has supplemental jurisdiction over the state claims by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in the Western District of Washington and most of the events and omissions giving rise to plaintiffs' claims occurred in the Western District of Washington; and, since the City of Lakewood is in Pierce County, the Tacoma Courthouse is the appropriate forum for this action.

## PARTIES

6. Plaintiff Mykah Ward is an adult male residing in the State of Washington.

7. Plaintiff Meosha Turner is an adult female residing in the State of Washington.

8. Defendant City of Lakewood is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

9. Defendant Anthony Bucat is an officer with the Lakewood Police Department at the times herein mentioned and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Lakewood.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

10. Defendant Eric Bell is an officer with the Lakewood Police Department at the times herein mentioned and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Lakewood.

11. Defendant Nick McClelland is an officer with the Lakewood Police Department at the times herein mentioned and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Lakewood.

## ADMINISTRATIVE PROCEEDINGS

12. Within the statutory time period, specifically on January 26, 2017, plaintiffs Mykah Ward and Meosha Turner filed a claim arising out of the events alleged herein against the City of Lakewood pursuant to RCW § 4.92.100. The claim was rejected by operation of law on March 28, 2017.

## STATEMENT OF FACTS

13. On April 12, 2015, at approximately 2:30 a.m., plaintiff Meosha Turner arrived at Latitude 84 nightclub in Lakewood, Washington to pick up a friend who had become too intoxicated to drive.

14. Turner drove alone to the nightclub, parked in the first stall closest to the entrance, and entered the nightclub to find her friend.

15. When Turner and her friend exited the club, she found a Lakewood Police SUV parked sideways behind her car, blocking her in; defendant Officer Anthony Bucat was inspecting her vehicle.

16. When Turner asked defendant Bucat what was wrong, Bucat responded that the owner of the car had a suspended license and that the car would have to be towed. Bucat then called for a tow truck and cited Turner for Driving with License Suspended in the 3rd Degree



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

(RCW 46.20.342) and Operating a Motor Vehicle without Insurance (RCW 46.30.020). Turner explained to Bucat that she had all of the paperwork and that the car was registered to her then-fiancée, plaintiff Mykah Ward. Turner used her cell phone to call Ward, who arrived within a few minutes.

17. When Ward drove up to the scene, he stopped where Turner had parked. Defendant officers advised Ward to move his vehicle or he would be arrested. At this point, the tow truck had arrived to remove the car Turner had been driving. Ward then drove to the end of the parking lot and parked his vehicle. He exited the vehicle and asked the officers for their contact information and their reason for towing the car Turner had driven. While Ward was speaking with the officers, Turner and her friend entered Ward's vehicle.

18. The officers instructed Ward to leave. Ward put his hands up and backed away towards his vehicle to comply with instructions.

19. The officers then pointed their guns directly at Ward. Ward immediately put his hands into his vehicle saying, "I have my license and insurance, and I am unarmed. I only want a card from you officers; I am walking backwards toward my car to leave."

20. The officers pursued Ward as he backed away from them toward his car. Ward got into his car and fastened his seatbelt. The car was running, and his window was down. Bucat and the other officer approached the window and ordered Ward and Turner to find the citation with the information about the car Turner had driven regarding the tow and the alleged infractions and to leave immediately or be arrested for obstruction.

21. Defendant Officer Bucat began counting down from 5, but skipped to 3-2-1; he then grabbed Ward by his shirt and tried to pull him out through the window, but Ward's fastened seatbelt prevented this. Bucat opened the door, unbuckled Ward's seatbelt, yanked him



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

from the vehicle, forced him face down onto the ground, and handcuffed and arrested him. Bucat then restrained Ward in an arm bar, hyperextending Ward's left arm.

22. Both Ward and Turner then explained to the officers that they had someone who was licensed, sober and insured who could drive both vehicles. Officer Bucat said no.

23. When Ward asked for the reason for his arrest, Bucat told him, "For obstruction."

24. Ward asked for a supervisor, and Bucat replied that one was on the way, then said, "This is why people are going to jail, because they are wasting our time."

25. The officers at the scene impounded both vehicles, leaving Turner and her friend at the nightclub without a means of transportation.

26. Defendant officers transported Ward about 40 miles to Thurston County's Nisqually Indian Reservation, where he was placed in jail. During this process, Ward was not booked or fingerprinted. Turner bailed Ward out at approximately 2:00 p.m. on April 12, 2015. No charges were ever filed against Ward.

27. Turner contested the validity of the impound of the car she had driven, and on April 28, 2015, the Chief of the Lakewood Police Department found that there was no probable cause for the stop, which resulted in the release of that car.

28. On July 1, 2015, Lakewood Municipal Court Judge Grant Blinn found that the charge of operating a motor vehicle without insurance was "not committed" by Turner.

29. This incident caused Ward and Turner to suffer severe emotional distress, as the police had seized them without probable cause. Ward had no criminal history at the time of this arrest and was traumatized from having guns pointed at him, being dragged from his vehicle, and being transported 40 miles to the Nisqually jail, where he had to wait several hours to be bailed out.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

**FIRST CLAIM FOR RELIEF**

(42 U.S.C. § 1983- Arrest of Plaintiff Ward without Probable Cause Against All Individual Defendants)

30. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 28 with the same force and effect as if such paragraphs were separately set out in this First Claim for Relief.

31. The defendants acting as a group and in concert with each other arrested plaintiff Mykah Ward without probable cause.

32. The actions of defendant officers in arresting plaintiff Ward without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 United States Code § 1983.

33. The direct and proximate result of each defendant's acts is that plaintiff Ward has been forced to endure physical pain and suffering, mental suffering and emotional distress, and was deprived of his personal liberty. The conduct of each individually named officer was done in reckless and conscious disregard of the emotional pain and suffering it was bound to inflict upon plaintiff Ward, for which an award of punitive damages is mandated against each individual officer.

**SECOND CLAIM FOR RELIEF**

(Unlawful Seizure – Plaintiff Ward 42 U.S.C. § 1983 Individual Defendants)

34. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

35. Plaintiff Ward suffered from unlawful seizure of his vehicle by defendant officers Bucat, Bell, and McClelland on the morning of April 12, 2015.

36. This unlawful seizure was a violation of plaintiff Ward's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure. A seizure of personal property, in this case plaintiff Ward's vehicle, without probable cause is patently unreasonable.

37. As a direct and proximate result of the actions described in this complaint, plaintiff Ward sustained actual damages. Plaintiff Ward was deprived of his personal vehicle, causing significant disturbance to his life, and entitling him to damages in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983- Excessive Force Against All Individual Defendants towards Plaintiff Ward)

38. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 36 with the same force and effect as if such paragraphs were separately set out in this Third Claim for Relief.

39. The actions of all defendant officers in acting as a group and being an integral part of the unreasonable force used against plaintiff Ward deprived him of his Fourth Amendment rights to be free from unnecessary and excessive uses of force in violation of 42 United States Code § 1983.

40. That defendant officers pointed their guns at plaintiff Ward, despite the fact that they knew him to be unarmed and thus not a threat, constitutes excessive force for the purpose of this Claim. The officers unnecessarily yanked him from his car. That force was also unreasonable under the Fourth Amendment.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

41. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress. Plaintiff has also had to incur legal expenses. The conduct of each individually named officer was in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff Ward, for which an award of punitive damages is mandated against each individual officer.

**FOURTH CLAIM FOR RELIEF**

(Unlawful Seizure – Plaintiff Turner -42 U.S.C. § 1983, Individual Defendants)

42. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 40 with the same force and effect as if such paragraphs were separately set out in this Fourth Claim for Relief.

43. The defendants acting as a group and in concert with one another seized plaintiff Turner without probable cause.

44. The actions of defendants Bucat, Bell, and McClelland were objectively unreasonable and deprived plaintiff Turner of her Fourth Amendment right to be free from deprivations of liberty without due process of law.

45. The direct and proximate result of each defendant's acts is that plaintiff Turner has been forced to endure mental suffering and emotional distress, was deprived of her personal liberty, and has had to incur legal expenses. The conduct of each individually named officer was in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff Turner, for which an award of punitive damages is mandated against each individual officer.

**FIFTH CLAIM FOR RELIEF**

(Unlawful Seizure- Plaintiff Turner 42 U.S.C. § 1983, Individual Defendants)



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

46. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately set out in this Fifth Claim for Relief.

47. Plaintiff Turner suffered from unlawful seizure of the car she drove by defendant Officers Bucat, Bell, and McClelland on the morning of April 12, 2015.

48. This unlawful seizure was a violation of plaintiff Turner's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure. A seizure of personal property, in this case the car Turner drove, without probable cause is unreasonable.

49. As a direct and proximate result of the actions described in this Claim, plaintiff Turner sustained actual damages. Depriving plaintiff Turner of that car led to significant disturbance in her life, as she went without the use of that car for several weeks pending resolution of that criminal matter. This entitles plaintiff Turner to damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

(42 United States Code § 1983 – Monell Claim
City of Lakewood)

50. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 48 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for Relief.

51. At all times herein mentioned, defendant City of Lakewood had a mandatory duty of care to properly and adequately hire, train, retrain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to persons. With deliberate indifference, the City of



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Lakewood failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights.

52. On information and belief, the City of Lakewood has failed to train its officers in the proper law of arrest and the meaning of probable cause when it comes to arrest, searches and impounding vehicles so that its officers are uncertain as to the circumstances under which they should impound vehicles. The City of Lakewood knows that its officers will arrest and prosecute numerous people without complying with the Fourth Amendment but despite said knowledge has continued to fail to properly train its officers.

53. The City of Lakewood also does not take corrective action.

54. Said lack of policy of corrective discipline and failure to adequately train its police officers has exposed individuals who are in compliance with the law to unreasonable searches, detentions and arrests.

55. Thus, the need to train officers in the constitutional limitations of detentions, arrests, and impounding vehicles when the need for training can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

56. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) inadequate training of employees, to wit, gross failure to possess objective evidence of a crime before arresting and before impounding vehicles that were not involved in a crime despite availability of licensed drivers to drive those vehicles; and (3) causation between the inadequate training and plaintiffs' damage.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

57. Defendant City of Lakewood breached its duty of care to plaintiffs because it failed to adequately train and/or discipline its police officers, including those named in this complaint. Its supervisorial training, and/or policies and procedures are so grossly inadequate that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful arrests and use of force by officers employed by the City of Lakewood.

58. The foregoing acts, omissions, and systemic failures are customs and policies of defendant City of Lakewood, which caused its officers to believe that determination of the right to detain, search and arrest a person was within their unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of a person's rights as occurred in this case. Such conduct on the part of defendant City of Lakewood renders it liable for the constitutional violations of its officers.

59. As a direct and proximate result of the aforementioned acts, omissions, policies, and customs of defendant City of Lakewood, the individual defendant officers caused the constitutional violations and damages described above.

**STATE CLAIMS**

**SEVENTH CLAIM FOR RELIEF**

(City of Lakewood -- Respondeat Superior)

60. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 54 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for Relief.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

61. In doing the things herein alleged, Officers Bucat, Bell, and McClelland were acting within the course and scope of their employment by defendant City of Lakewood. Defendant City of Lakewood is therefore liable for all damages, other than punitive damages, caused by its officers.

**EIGHTH CLAIM FOR RELIEF**

(False Arrest and Imprisonment)

62. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 60 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

63. The conduct of defendant officers in detaining and arresting plaintiff Ward constitutes false imprisonment of plaintiff. The actions of defendant officers in detaining, arresting, and effecting his incarceration in Nisqually Jail constitutes false arrest and false imprisonment.

64. As a direct and proximate result of defendant officers' intentional conduct, plaintiff Ward sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

**NINTH CLAIM FOR RELIEF**

(Improperly Impounding Vehicle)

65. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 63 with the same force and effect as if such paragraphs were separately realleged in this Ninth Claim for Relief.



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

66. The actions of each of the individual defendant officers in removing plaintiffs' vehicles from private property and impounding them without a request that were not involved in criminal activity despite licensed drivers being available to drive the vehicles off of the property.

67. The deprivation and impounding of plaintiffs' vehicles deprived them of their use and also caused damage according to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE, plaintiffs pray for the following relief against defendants:**

A. For general and special compensatory damages for plaintiffs and against defendants according to proof at trial;

B. For punitive damages against all individually named defendants;

C. For reasonable attorney's fees and costs pursuant to the law;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

DATED this 31st day of March, 2017

CIVIL RIGHTS JUSTICE CENTER, PLLC

*/s/Darryl Parker*

**Darryl Parker**, WSBA #30770
dparker@civilrightsjusticecenter.com



**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183